**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**MARGARITA MUNOZ**
            **Petitioner**

**V.**                                              **CIVIL NO.   04-11699-EFH**

**UNITED STATES OF AMERICA**
            **Respondent**

### PETITIONER RESPONSE TO
### UNITED STATES' THIRD MOTION FOR EXTENSION
### OF TIME IN WHICH TO FILE ITS RESPONSE

Petitioner filing pro se objects to governments request for additional time in
which to file its response to the motion filed by the petitioner, Margarita Munoz
("Munoz"), pursuant to 28 U.S.C.§ 2255. Government counsel indicates that they
seek an additional sixty days in which to file its response and requests that the
Court enter and order requiring it to be file on or before August 18, 2005. As
grounds for this motion government counsel stated as follows:

1.  On or around July 27, 2004, Munoz filed a motion pursuant to 28U.S.C. §
2255 claimimg: (1) ineffective assistance of counsel, (2) denial of her right to
appeal, and, (3) violation of her 6th Amendment rights as defined by the Supreme
Court in Blakely v. Washigton, 540 U.S. 965 (2004) and now under Booker.

2.  The government previously filed two request to extend the time in which it
was to respond. The last such request was based upon the fact that the government
concluded that in order to respond properly to the defendant's argument that she had
been denied her right to appeal, the government needed a copy of the transcript from
the plea hearing.

3.  In addition, government counsel indicates that they have been unable to locate
in its files, or in the court's files, a copy of docket no. 390, which is docketed as a

letter (non motion) filed by Margarita Munoz, dated: 5/24/02 re: appeal."

4. Petitioner objects to government counsel motion since petitioner was previously notified by prior government counsel that he himself had a copy of the docket date 5/24/02 re: appeal which present counsel is searching for.

5. In prior governments response to defendant's motion for reduction of sentence date July 21, 2003 (see Exhibit #1), government counsel Mr. John Farley stated the following...

"Although the defendant is not entitled to the relief she seeks, the government is troubled by the fact that the defendant's appeal was not docketed in the First Circuit. While it is the government's position that there are no viable appellate issues and that the defedant's appellate rights were waived, it appears that the defedant's effort to pursue her appeal may have been thwarted by a bureaucratic oversight.[1] The government is bringing this matter to the court's attention so that the court can take whatever action it deems appropriate.

---

[1] Counsel for the government previously contacted the Court's clerk and advised the clerk about this matter.

6. As noted by government counsel John Farley, it appears that the defendant's effort to pursue her appeal may have been thwarted by a bureaucratic oversight.

7. Although government counsel brought this oversight to the attention of the Court Clerk, it was never corrected. **THIS IS THE SAME CORRECTION WHICH CURRENTS GOVERNMENTCOUNSEL IS SEARCHING FOR.**

8. Government counsel have had over 180 days of extentions while petitioner's continues to serve time at Alderson Prison Camp on a matter which under Booker she is entitled to relief.

9. Petitioner request this court **deny** government's request for an extention of time or in the alternative, to grant petitioner a Bond and release petitioner pending the outcome of this matter.

Wherefore, petitioner request that her motion be **GRANTED.**

Respecfully submitted,

MARGARITA MUNOZ
Pro Se

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing will have been served upon the

government counsel first-class mail on the 6 day of July, 2005, at the following address:

Susan M. Poswistilo
Assistent US. Attorney
United States Attorny's Office.
One Courthouse Way, Suite 9200
Boston, Mass 02210

Margarita Munoz
Pro Se.
Box A - Range #3
Alderson Prison Camp
Alderson, West Virginia 24910



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 99-10407-EFH
                            )
MARGARITA MUNOZ,            )
                            )
        Defendant.          )
```

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO U.S.S.G. § 5K2.19

The United States of America, through its undersigned counsel, submits this response to the defendant's pro se Motion for Reduction of Sentence Based on United States Sentencing Guideline 5K2.19 "Post-Sentencing Rehabilitative Efforts." For the reasons set forth below, the defendant's motion must be denied. However, the government notes that a review of the docket sheet in this case suggests that the defendant's appeal has never been docketed. A copy of the docket sheet for the defendant is attached as Exhibit 1.

Defendant Munoz pleaded guilty on April 18, 2002, to conspiracy to distribute, and to possess with intent to distribute, heroin and cocaine, in violation of 21 U.S.C. § 846. The defendant's plea agreement included a provision in which she waived some of her rights to pursue an appeal or a motion for collateral relief under 28 U.S.C. § 2255. See Docket # 369. On May 22, 2002, the Court sentenced the defendant to 120 months in prison -- the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). See Docket # 382.

-Exhibit #1-

A review of the docket in this matter indicates that on or about May 24, 2002, notwithstanding her appellate waiver, the defendant sent a document to the Court expressing a desire to pursue an appeal. See Docket # 390. Nevertheless, nothing in the docket of the District Court or the Court of Appeals suggests that the defendant's case ever was transmitted to the Court of Appeals for consideration.

On or about April 30, 2003, the defendant, proceeding pro se, filed a motion in the district court seeking a reduction in her sentence based upon post-sentencing rehabilitative efforts. See Docket # 417. A copy of this motion was not served on the government. However, the government has recently learned of this filing and submits the instant response.

The defendant's request for a downward departure must be denied. Section 5K2.19 states:

> Post-sentencing rehabilitative efforts, even if undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)

U.S.S.G. § 5K2.19 (emphasis added). Thus, the Sentencing Guidelines specifically prohibit a court from departing downward based upon post-sentencing rehabilitative efforts. Moreover, because the defendant has not been ordered to be resentenced,

2

there is no grounds for the Court to even consider the
defendant's post-sentencing rehabilitative efforts.

Even if the Court were to construe the defendant's motion as
a request for relief under 28 U.S.C. § 2255, the defendant would
still not be entitled to a reduction in her sentence.   The
defendant was sentenced to 120 months in prison.  This was the
mandatory minimum sentence under 21 U.S.C. §841(b)(1)(A).  Even
if the Court were inclined to grant the defendant a downward
departure, it could not lawfully depart below the mandatory
minimum sentence.  See Melendez v. United States, 518 U.S. 120,
130-131 (1996).  In fact, this was discussed at the defendant's
sentencing.

Although the defendant is not entitled to the relief she
seeks, the government is troubled by the fact that the
defendant's appeal was not docketed in the First Circuit.  While
it is the government's position that there are no viable
appellate issues and that the defendant's appellate rights were
waived, it appears that the defendant's effort to pursue her
appeal may have been thwarted by a bureaucratic oversight.[1]  The
government is bringing this matter to the Court's attention so
that the Court can take whatever action it deems appropriate.

---

[1] Counsel for the government previously contacted the
Court's clerk and advised the clerk about this matter.

3

## CONCLUSION

For all of the foregoing reasons, the defendant's motion for post-sentencing relief should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

JOHN J. FARLEY
Assistant U.S. Attorney

DATED: July 21, 2003

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by first class mail, postage prepaid, to the following:

Margarita Munoz
Inmate # 22953-038
Federal Prison Camp Box A
Alderson, WV 24910

July 21, 2003

JOHN J. FARLEY
Assistant U.S. Attorney

4