FILED
IN CLERKS OFFICE

2005 DEC -2  A 10: 28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

MARGARITA MUNOZ
    Petitioner

V.                                                         CIVIL NO 04-11699-EFH

UNITED STATES OF AMERICA
    Respondent

## PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE TO PETITONER'S MOTION FOR §2255 RELIEF

Comes now, Margarita Munoz, Pro se and brieftly responds to Government's response to Petitioner's Motion for §2255 Relief. Government Counsel has previously admitted that Petitioner's Right to Appeal was violated. For said reason, as outlined below, Petitioner submits that her §2255 motion be granted, and that Petitioner be permitted to proceed with her Appeal.

## STATEMENT OF THE CASE

Petitioner Munoz pleased guilty on April 18, 2002 to conspiracy to distribute and to possess with intent to distribute, heroin and cocaine in violation of 21 U.S.C. §846. Petitioner's plea agreement included a provision in which she waive **some** of her right to pursue an appeal. See docket #369.

On May 22, 2002 the Court sentenced the Petitioner to 120 months in prison-the mandatory minimum sentence under 21 U.S.C. §841 (b)(1)(a). See Docket #382.

A review of the docket in this matter indicates that on or about May 24, 2002 notwithstanding her appellate waiver, the petitioner sent a document to the court expressing a desire to pursue an appeal, See Docket #390.

Nevertheless, nothing in the docket of the District Court or the Court of Appeals suggests that the petitioner's case was ever transmitted to the Court of Appeals for consideration.

In face because of error on the part of the District Court, petitioner appeal was never processed.

This error has already been noted by Government Counsel **John J. Farley** on **July 21, 2003** submitted a memorandum of law entitled **Government's Response to Defendent's Motion for reduction of sentence pursuant to U.S.C. §5k2.19.**
See attachment, **EXHIBIT #1.**

In said memorandum, Government Counsel States the following:

1

"A review of the docket in the matter indicates that on or about May 24, 2002, notwithstanding her appellate waiver, the defaendant sent a document to the Court expressing a desire to pursue an appeal. See Docket #390. Neverthe less, nothing in the docket of the District Court or the Court of Appeals suggest that the defendent's case of Appeals for consideration."
See memo pg2.

... The government notes that a review of the docket sheet in this case suggests that the defendant's Appeal has never been docketed. A copy of the docket sheet for the defendant is attached as Exhibit 1.
See memo pg1

Petitioner has a Constitutional Right to an Appeal. This right may no be denied. Petitioner submitted her motion for an appeal within two days of her sentencing hearing. Petitioner's Appeal was timely.

Accordingly, Petitioner request that this Court grant her §2255 motion and permit her to have her Appeal address by this Court wherein Petitioner will be able to raise her Blakely/Booker argument.

## CONCLUSION

Based upon the foregoing, Petitioner's motion for relief under §2255 should be granted since Government Counsel has already admitted and agreed to the face that this Court erred in denying Petitioner her Rightr to Appeal.

Raspectfully Submitted

*[signature]*
Margarita Munoz
Pro Se

2

## CERTIFICATE OF SERVICE

This os to certify that a copy of the foregoing has been served upon Susan Powistilo, Assistant U.S. Attoney at

United States Attorney's Office.

One Courthouse Way, suit 9200.

Boston Massachusetts 02210.

    By first class mail, postage pre paid. On november 29, 2005.

by, *[signature]*
Margarita Muñoz
Pro Se

3

**EXHIBIT #1**

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 99-10407-EFH |
| ) | |
| MARGARITA MUNOZ, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO U.S.S.G. § 5K2.19**

The United States of America, through its undersigned counsel, submits this response to the defendant's pro se Motion for Reduction of Sentence Based on United States Sentencing Guideline 5K2.19 "Post-Sentencing Rehabilitative Efforts." For the reasons set forth below, the defendant's motion must be denied. However, the government notes that a review of the docket sheet in this case suggests that the defendant's appeal has never been docketed. A copy of the docket sheet for the defendant is attached as Exhibit 1.

Defendant Munoz pleaded guilty on April 18, 2002, to conspiracy to distribute, and to possess with intent to distribute, heroin and cocaine, in violation of 21 U.S.C. § 846. The defendant's plea agreement included a provision in which she waived some of her rights to pursue an appeal or a motion for collateral relief under 28 U.S.C. § 2255. See Docket # 369. On May 22, 2002, the Court sentenced the defendant to 120 months in prison -- the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). See Docket # 382.

-Exhibit #1-

A review of the docket in this matter indicates that on or about May 24, 2002, notwithstanding her appellate waiver, the defendant sent a document to the Court expressing a desire to pursue an appeal. See Docket # 390. Nevertheless, nothing in the docket of the District Court or the Court of Appeals suggests that the defendant's case ever was transmitted to the Court of Appeals for consideration.

On or about April 30, 2003, the defendant, proceeding pro se, filed a motion in the district court seeking a reduction in her sentence based upon post-sentencing rehabilitative efforts. See Docket # 417. A copy of this motion was not served on the government. However, the government has recently learned of this filing and submits the instant response.

The defendant's request for a downward departure must be denied. Section 5K2.19 states:

> Post-sentencing rehabilitative efforts, even if undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)

U.S.S.G. § 5K2.19 (emphasis added). Thus, the Sentencing Guidelines specifically prohibit a court from departing downward based upon post-sentencing rehabilitative efforts. Moreover, because the defendant has not been ordered to be resentenced,

there is no grounds for the Court to even consider the defendant's post-sentencing rehabilitative efforts.

Even if the Court were to construe the defendant's motion as a request for relief under 28 U.S.C. § 2255, the defendant would still not be entitled to a reduction in her sentence. The defendant was sentenced to 120 months in prison. This was the mandatory minimum sentence under 21 U.S.C. §841(b)(1)(A). Even if the Court were inclined to grant the defendant a downward departure, it could not lawfully depart below the mandatory minimum sentence. See Melendez v. United States, 518 U.S. 120, 130-131 (1996). In fact, this was discussed at the defendant's sentencing.

Although the defendant is not entitled to the relief she seeks, the government is troubled by the fact that the defendant's appeal was not docketed in the First Circuit. While it is the government's position that there are no viable appellate issues and that the defendant's appellate rights were waived, it appears that the defendant's effort to pursue her appeal may have been thwarted by a bureaucratic oversight.[1] The government is bringing this matter to the Court's attention so that the Court can take whatever action it deems appropriate.

---

[1] Counsel for the government previously contacted the Court's clerk and advised the clerk about this matter.

3

## CONCLUSION

For all of the foregoing reasons, the defendant's motion for post-sentencing relief should be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ John J. Farley
>JOHN J. FARLEY
>Assistant U.S. Attorney

DATED: July 21, 2003

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by first class mail, postage prepaid, to the following:

>Margarita Munoz
>Inmate # 22953-038
>Federal Prison Camp Box A
>Alderson, WV 24910

July 21, 2003

/s/ John J. Farley
JOHN J. FARLEY
Assistant U.S. Attorney

4