# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARGARITA MUNOZ,
               Petitioner

              v.                              CIVIL ACTION NO.:
                                               04-11699-EFH

UNITED STATES OF AMERICA,
               Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

December 15, 2005

HARRINGTON, S.D.J.

### Introduction

Petitioner Margarita Munoz seeks collateral relief under 28 U.S.C. § 2255 from her May, 2002 sentencing on charges of conspiracy to distribute and possession with the intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Munoz's petition is based on three arguments: (1) that she was afforded ineffective assistance of counsel; (2) that she was denied her right to appeal; and (3) that Blakely v. Washington, 542 U.S. 296 (2004), mandates a reduction in or reconsideration of the sentence previously imposed by this Court. Because the record suggests that petitioner's direct appeal may have been thwarted by a clerical misstep in the Court Clerk's Office, the Court hereby vacates petitioner's previous judgment and sentence and enters a new judgment and sentence identical to the previous sentence imposed, with credit for

time served. Petitioner therefore has ten days from the date of this Order to file a timely Notice of Appeal in the District Court consistent with FED. R. APP. P. 4(b)(1)(A).

## Background

On April 18, 2002, petitioner pleaded guilty to charges of conspiracy to distribute, and to possess with the intent to distribute, cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement established, *inter alia*, that petitioner participated in a drug trafficking scheme that effectuated the distribution of multi-kilograms of cocaine and heroin in the Massachusetts area. Ms. Munoz's participation in the conspiracy, according to the plea agreement, included transporting drugs, collecting and distributing drug proceeds, and maintaining drug ledgers. On May 22, 2002, this Court sentenced petitioner to 120 months imprisonment, 60 months supervised release, and a $100 special assessment. The 120 months reflected the minimum mandatory sentence provided for by statute. See 21 U.S.C. § 841(b)(1)(A).

Despite the fact that the plea agreement contained a waiver of appeal provision,[1] petitioner contends that she attempted to file a Notice of Appeal on or about May 24, 2002, well within the ten-day period allotted under FED. R. APP. P. 4(b)(1)(A). Indeed, the electronic docket report shows that a letter dated May 24, 2002 and described as "re: appeal" was docketed on June 20,

---

[1] The waiver of appeal provision in the plea agreement stated, in part, that petitioner knowingly and voluntarily waived her right to appeal or collaterally challenge: (1) her guilty plea and any aspect of defendant's conviction . . . ; (2) the adoption by the District Court at sentencing of any of the positions [relating to] offense conduct, adjustments and/or criminal history . . . ; and (3) the imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney. (Resp't Opp'n Br. at 3) (citing Plea Agreement ¶7).

Ms. Munoz indicated that she had reviewed and understood the entire plea agreement during the plea colloquy held on April 18, 2002, but the waiver of appeal section of the agreement was never specifically addressed. (Resp't Opp'n Br. at 17–18, n.5).

2002. (Pet'r Ex. 2, at 5). Unfortunately, the Court's file does not contain a copy of the letter and, to date, the government has been unable to locate its copy. It appears, therefore, that petitioner's attempt to file a timely Notice of Appeal may have been thwarted by a clerical misstep in the Clerk's Office or elsewhere.

Analysis

District courts are afforded broad leeway when fashioning an appropriate remedy under 28 U.S.C. § 2255. United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000). The remedy appropriate in this case is (1) vacation of petitioner's original judgment and sentence, and (2) entry of a new judgment and sentence identical to the previous sentence imposed, but with credit for time served. See id. at 32 (issuing similar remedy); Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992) (same). This will allow petitioner ten days from the date of this Order to file a timely Notice of Appeal in the District Court consistent with FED. R. APP. P. 4(b)(1)(A). It bears mentioning that petitioner's prospects for a successful appeal of her sentence are dimmed by the fact that her plea agreement included a comprehensive waiver of appeal. In an abundance of caution, however, the Court will allow petitioner her day in the appellate court because there are certain circumstances in which pre-sentence waivers of appeal are not enforced.[2] Petitioner's appeal should be decided based on the law and facts of her case, not a clerical oversight in the Court Clerk's Office.

---

[2] This Circuit has recognized three narrow circumstances in which a pre-sentence waiver of appeal will not be enforced: (1) where the written plea agreement fails to contain a clear statement elucidating the waiver and delineating its scope; (2) where the district court fails to question the defendant specifically about her understanding of the waiver provision and adequately inform her of its ramifications; or (3) where enforcing the waiver would work a miscarriage of justice. See, e.g., United States v. De-La-Cruz Castro, 299 F.3d 5, 10 (1st Cir. 2002) (enforcing the defendant's pre-sentence waiver of appeal).

The Court therefore vacates petitioner's previous judgment and sentence, and enters a new judgment and sentence against the petitioner identical to the previous sentence imposed, with credit for time served. Petitioner Margarita Munoz has ten days from the date of this Order to file a timely Notice of Appeal in the District Court consistent with FED. R. APP. P. 4(b)(1)(A).

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge