UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARITA MUNOZ ] | |
| ] | No. 04-11699-EFH |
| v. ] | |
| ] | |
| UNITED STATES OF AMERICA ] | |

### GOVERNMENT'S OPPOSITION TO MOTION FOR STAY
### OF PROCEEDINGS ON HABEUS PETITION

The United States hereby opposes plaintiff Margarita Munoz's ("MUNOZ") motion to stay proceedings in this case pending resolution of her appeal from a criminal conviction.

### Background

In May 2002, Judge Harrington sentenced MUNOZ to 120 months imprisonment for her role in a conspiracy to distribute cocaine and heroin (*United States v.Mejia*, et al., no. 99-10407-EFH). On July 27, 2004, over two years after the judgment in her criminal case became final, MUNOZ filed a petition to vacate or set aside her sentence pursuant to 28 U.S.C. § 2255. In her petition, Munoz claimed that her attorneys were ineffective, and that she had written a letter to the court requesting an appeal of her criminal conviction, but that it had been ignored.

By order of December 15, 2005, Judge Harrington granted MUNOZ's petition in part, finding that the Clerk's Office had inadvertently failed to file MUNOZ's letter as a notice of appeal. Judge Harrington vacated MUNOZ's original judgment and sentence, entered a new, identical judgment and sentence (except for adjusted credit for additional time served), and gave MUNOZ another ten days to file a direct appeal of her conviction. The court did not reserve decision on the other grounds in MUNOZ's § 2255 motion.

On December 27, 2005, MUNOZ filed a notice of appeal (docketed in the Court of Appeals as no. 06-1199), but mis-designated it as an appeal from her habeus case, instead of as an appeal from her criminal conviction. In April 2006 the Court of Appeals, catching the error, ordered the notice re-docketed under the correct district court criminal number. The appeal was then re-docketed in the Court of Appeals under no. 06-1781. On July 13, 2006, on MUNOZ's motion after prompting from the appeals court, the original appeal (no. 06-1199) was dismissed.

On January 13, 2006, MUNOZ had also filed a second notice of appeal – also in the habeus action – from an order denying her motion for appointment of new counsel. That appeal was docketed as no. 06-1200. On July 18, 2006, that appeal was dismissed as well, again on MUNOZ's motion, leaving her with one pending appeal, *i.e.*, her re-docketed direct appeal from her criminal conviction. That appeal is proceeding.

### **Argument**

Proceedings on MUNOZ's § 2255 petition cannot be stayed because this Court has no jurisdiction to stay them. Once MUNOZ appealed the Court's order of December 15, 2005, however accidentally, the Court was divested of jurisdiction. *See, e.g., United States v. Brooks*, 145 F.3d 446, 454 (1st Cir. 1998) (*citing Griggs v. Provident Discount Consumer Co.*, 459 U.S. 56, 48 (1982)). On May 31, 2006, the appeals court then ordered MUNOZ to dismiss her pending appeals from the habeus proceeding (06-1199 and 06-1200) or seek the necessary certificate of appealability from the lower court. MUNOZ chose to dismiss these appeals, and the appeals court granted her motions to do so on July 13, 2006, and 18, 2006, respectively.

Consequently, it appears that the case MUNOZ wishes to stay no longer exists. While MUNOZ stated in her motion to dismiss that she would seek a stay of the habeus proceedings

below, her desire to preserve the lower court proceedings does not make it so; barring an order of remand from the Court of Appeals, jurisdiction had been removed from the lower court, and the matter was then dismissed in the appellate court. Moreover, in its order of December 15, 2005, on MUNOZ's § 2255 motion, this Court did not reserve judgment on the other bases for the motion, or otherwise imply that the remainder was somehow preserved.

Finally, to the extent MUNOZ wishes to raise *Booker* arguments relating to her sentence in the criminal matter, she is free to do that in her direct appeal of that case.

## Conclusion

For the foregoing reasons, MUNOZ's motion to stay should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


By:   */s/: Andrew E. Lelling*
      Andrew E. Lelling
      Assistant U.S. Attorney

Date:   August 8, 2006