FILED
CLERKS OFFICE

2006 SEP -1  P 12: 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS

MARGARITA MUNOZ

    v.

UNITED STATES OF AMERICA

No. 04-11699-EFH

DEFENDANTS REBUTTAL IN GOVERNMENT'S OPPOSITION
FOR STAY OF PROCEEDINGS ON HABEUS PETITION

    Comes now, Margarita Munoz, defendant, pro se, to oppose the Government's opposition to motion to stay proceedings in this case pending resolution of my appeal from a criminal conviction.

## Background

    In May 2002, Judge Harrington sentenced the plaintiff to 120 months imprisonment for her role in a conspiracy to distribute cocaine and heroin. On May 24, 2002, the plaintiff wrote a letter to serve as her notice of appeal.
    Due to a bureaucratic error, the notice of appeal was never filed.
    After no reply from the Court, on July 27, 2004, plaintiff MUNOZ filed a petition pursuant to 28 U.S.C. Section 2255. In the petition, it charges ineffective assistance of counsel and denial of appeal.
    On December 15, 2005, Judge Harrington granted the motion in part, finding that the Clerk›s Office had failed to file the notice of appeal. He vacated the original judgement and sentence, entered a new, identical judgement and sentence, and gave MUNOZ another ten days to file a direct appeal of her conviction.

## Argument

As stated in the Background, Plaintiff MUNOZ did properly file a notice of appeal within the ten (10) days afforded by law. When Plaintiff MUNOZ failed to receive any response from the Court, she proceeded with gathering information to prepare and file a Motion pursuant to Title 28 U.S.C. Section 2255. In her motion, she had several strong arguments, and while Judge Harrington did rule on part of the Motion, the Plaintiff does in fact wish to proceed with having the entire motion ruled upon.

On December 15, 2005, when Judge harrington ruled on her motion, he at no point ordered that the other points could not be ruled upon.

In the matter of jurisdiction, this Court is the sentencing Court, and had all of the paperwork been attended to in a proper clerical manner, this argument would not be taking place.

However, Plaintiff MUNOZ does realize that human error does occur and respects the fact that Judge Harrington made every attempt to correct the mistake.

It is the Plaintiffs legal right to file a motion pursuant to 28 U.S.C. 2255 and she has the right to raise the Booker arguments relating to her sentence in her motion just as she could in her appeal.

## Conclusion

For the foregoing reason, Plaintiff MUNOZ>s motion to stay should be granted.

Dated:                              Respectfully submitted,

                                    /s/ Margarita Munoz
                                    Margarita Munoz
                                    22953-038
                                    Federal Prison Camp Danbury
                                    Route 37
                                    Danbury, CT 06811

CERTIFICATE OF SERVICE

I, __Margarita Munoz__, certify that a true and correct copy of the foregoing has been placed in the Danbury Federal Prison Camp Mail Depository, on the __28th__ day of __August__, 2006, and sent to the following:

(Name and Address of AUSA)

MICHAEL J. SULLIVAN
United States Attorney
U.S. District Court
District of Massachusetts
Suite 9200
1 Courthouse Way
Boston, MA 02210

(Name of Inmate)

In accordance with the Prison Mail Box Rule (*Houston v. Lack*, 487 U.S. 266 (1988)), this Motion is deemed filed upon placement in the Prison Mailroom.